NO. 07-09-00085-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 APRIL 22, 2010

 OSCAR ESQUIVEL, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

 NO. A17766-0809; HONORABLE ROBERT W. KINKAID JR., JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION

 Appellant, Oscar Esquivel, brings this appeal from his conviction for the felony offense of
driving while intoxicated. Appellant's attorney has filed a brief in compliance with Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403
(Tex.Crim.App. 2008). Agreeing with appointed counsel’s conclusion the record fails to show any
arguably meritorious issue that could support the appeal, we affirm the trial court’s judgment as
modified.

 Appellant was charged by an indictment alleging he operated a motor vehicle in a public place
while intoxicated. The indictment contained four additional paragraphs, each alleging prior
convictions for driving while intoxicated. Appellant plead not guilty and was tried before a jury
which found him guilty as charged in the indictment. He plead true to one enhancement paragraph and
punishment was assessed in conformity with the jury’s verdict at twenty years of confinement in the
Institutional Division of the Texas Department of Criminal Justice.[1] Appellant’s appointed trial
counsel timely perfected appeal.

 At trial, the State’s evidence showed a Plainview officer observed appellant on August 6, 2008
at approximately two in the morning. The officer testified he saw appellant, driving a gray Ford F-
150 pickup, swerve and cross all three lanes of traffic, without signalling a lane change. The
officer testified these actions were violations of the Texas Transportation Code.[2] The officer
initiated a stop. Appellant stopped in the middle of the street. When the officer made contact
with appellant, he noticed the “overwhelming” smell of alcohol coming from appellant and observed
appellant had glassy eyes and slurred speech. Appellant lost his balance and “fell into the side of
the vehicle, using the vehicle to steady himself” as he exited his pickup. The officer testified
appellant performed poorly on each of the standardized field tests appellant attempted and was, in
the officer’s opinion, intoxicated. He opined appellant had lost the normal use of his physical and
mental faculties due to the introduction of alcohol into his body. Appellant refused to perform
some of the field tests and refused to provide a breath test. The patrol car video recording was
also introduced at trial and the jury viewed it in redacted form.

 A second officer testified that in the intoxilyzer room at the police station, appellant swayed
back and forth, his speech was “pretty bad where he couldn’t talk right,” he had red, bloodshot and
glazed eyes, and smelled very strongly of alcohol. A recording of appellant in the intoxilyzer room
was introduced and viewed at trial.

 Appellant did not testify but presented the testimony of one witness during the punishment
phase of his trial.

 Appellant's appointed appellate counsel has filed a motion to withdraw and a brief in support
pursuant to Anders in which he certifies that he has diligently reviewed the record and, in his
professional opinion, under the controlling authorities and facts of this case, there is no
reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated.
The brief discusses the procedural history of the case and appellant’s jury trial. Counsel
discusses the applicable law and sets forth the reasons he concludes the record presents no arguably
meritorious appellate issues. Counsel has certified that a copy of the Anders brief and motion to
withdraw have been served on appellant, and that counsel has advised appellant of his right to
review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco
1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a
response to the Anders brief and motion to withdraw filed by his counsel. Appellant has not filed a
response.

 In conformity with the standards set out by the United States Supreme Court, we will not rule
on the motion to withdraw until we have independently examined the record. Nichols v. State, 954
S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit,
we will remand it to the trial court for appointment of new counsel. See Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App.1991).

 In his brief, counsel notes that he has considered whether the evidence presented at trial was
legally and factually sufficient to support appellant’s conviction for driving while intoxicated.
As alleged in the indictment, the State was required to prove appellant drove a motor vehicle in a
public place while intoxicated and that he had two prior convictions for driving while intoxicated.
Tex. Penal Code Ann. §§ 49.04, 49.09. As relevant here, a person is intoxicated if he does not have
the normal use of his mental or physical faculties by reason of the introduction of alcohol or some
other substance into the body. See Tex. Penal Code Ann. § 49.01(2) (Vernon 2009). After a complete
review of the record, we agree with appellate counsel that the grounds identified do not arguably
support an appeal. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979); McKinney v. State, 207 S.W.3d 366, 374 (Tex.Crim.App. 2006) (setting forth standard for
review of legal sufficiency of the evidence); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App.
2006); Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); Johnson v. State, 23 S.W.3d 1, 6-
7 (Tex.Crim.App. 2000) (factual sufficiency). See also Lopez v. State, 279 S.W.3d 727
(Tex.App.—Amarillo 2007, no pet.) (discussing legal and factual sufficiency in driving while
intoxicated case).

 Counsel also discusses the trial court’s denial of appellant’s “Motion To Suppress Test,
Videotape, Statements” and concludes the trial court did not err or abuse its discretion in denying
the motion. Counsel notes the trial court granted the motion in part, suppressing portions of the
video recordings, and the redacted videos were admitted without objection. After reviewing the
entire record, we agree with counsel’s conclusion that there is no arguably meritorious issue that
may be raised on this point. See Balentine v. State, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002);
Villarreal, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996) (each setting forth standard of review of trial
court’s motion to suppress).

 Our review convinces us that appellate counsel conducted a complete review of the record. We
have also made an independent examination of the entire record to determine whether there are any
arguable grounds which might support the appeal. We agree it presents no arguably meritorious
grounds for review. Accordingly, we grant counsel's motion to withdraw.1

 We note the trial court’s judgment contains a special order that appellant repay attorney’s
fees in the amount of $1697.50 to Hale County. The record contains no determination by the court of
appellant’s ability to pay such fees. Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon 2009).
Accordingly, we modify the trial court’s judgment by deleting the language ordering appellant to
repay attorney’s fees in the amount of $1697.50. See Mayer v. State, 274 S.W.3d 898, 901 (Tex.App.--
Amarillo 2008, pet. ref'd); Sepeda v. State, No. 07-08-0366-CR, 2009 Tex.App. LEXIS 9654
(Tex.App.—Amarillo Dec. 18, 2009, pet. ref’d) (mem. op., not designated for publication) (also
modifying judgments to delete such orders). As modified, we affirm the judgment of the trial court.

 James T. Campbell
 Justice

Do not publish.

-----------------------
 [1] See Tex. Penal Code Ann. § 49.04 (Vernon 2009). Appellant was charged with the offense
of driving while intoxicated, third or more, enhancing the offense from a misdemeanor to a felony.
Tex. Penal Code Ann. § 49.09(b) (Vernon 2007). The punishment for the enhanced offense of felony
DWI was then enhanced under section 12.42 of the Penal Code, increasing the range of punishment to
imprisonment for any term of not more than 20 years or less than 2 years and a fine not to exceed
$10,000. See Tex. Penal Code Ann. § 12.42 (Vernon 2007); Tex. Penal Code Ann. § 12.33 (Vernon
2009).

 [2] See Tex. Transp. Code Ann. § 546.060 (Vernon 1999) (fail to maintain a single lane of
traffic); Tex. Transp. Code Ann. § 545.104 (Vernon 1999) (fail to signal a lane change).
 1Counsel shall, within five days after the opinion is handed down, send his client a copy of
the opinion and judgment, along with notification of the defendant’s right to file a pro se petition
for discretionary review. See Tex. R. App. P. 48.4.